UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| KENYA BROWN, | : | |
| Plaintiff, | : | No. 3:20-cv-985 (KAD) |
| | : | |
| v. | : | |
| | : | |
| ROLLIN COOK, et al., | : | |
| Defendants. | : | |
| | : | |

**INITIAL REVIEW ORDER**

Plaintiff, Kenya Brown ("Brown"), currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, brings this civil rights action against five defendants: Commissioner Rollin Cook, Dr. Robert Richeson, APRN Jean Caplin, APRN Deborah Broadly, and Head Nurse Debra Cruz. Defendants Cook and Richeson are named in their individual and official capacities and defendants Cruz. Broadly, and Caplin are named in their individual capacities only. Brown asserts a claim for deliberate indifference to his serious medical need in violation of the Eight Amendment to the United States Constitution. He seeks damages and injunctive relief. The complaint was filed on July 16, 2020. Brown's motion to proceed *in forma pauperis* was granted on July 27, 2020.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments

[they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

Brown, currently incarcerated, is scheduled to be released on February 25, 2021. Doc. No. 1 ¶ 1. Since January 2019, Brown has been complaining to the medical unit about a sore throat. *Id.* ¶¶ 2-5. At sick call visits, Brown complained to defendant Cruz and nurse Stacy about a "serious sore throat and extreme throat swelling." *Id.* ¶ 6. Defendant Cruz examined Brown many times noting a red throat and swollen left tonsil. *Id.* ¶ 7. Defendants Broadly and Caplin also have examined Brown since January 2019 and concurred in the diagnosis. *Id.* ¶¶ 8-9.

In May 2019, Brown was put on a list to see an ENT. *Id.* ¶ 10. During the five months before his placement on the list, Brown experienced difficulty breathing, inability to sleep, difficulty swallowing, and pain. *Id.* ¶ 11. Brown repeatedly relayed these symptoms to defendants Broadly and Caplin. *Id.* ¶ 12. At no time did defendants Cruz, Broadly, or Caplin discuss his symptoms with a physician. *Id.* ¶ 13. Brown alleges that defendants Broadly and Caplin are the primary health care providers at the facility with no supervision by a doctor. *Id.* ¶ 26. Defendants Cook and Richeson are aware of the staffing inadequacies. *Id.* ¶ 25.

By December 2019, Brown had had several negative throat swabs. *Id.* ¶ 19. In December 2019 or January 2020, Brown requested expedited care. *Id.* ¶ 29. In January 2020, Brown was told that he would not see a specialist until June 2020. *Id.* ¶ 31. Brown has filed multiple grievances but alleges that defendant Cruz has destroyed them. *Id.* ¶¶ 33-35. Brown contends that defendant Caplin told him that, because he will discharge soon, he will not receive medical care. *Id.* at 7, ¶¶ 1-2.

Brown has constantly advised Broadly and Caplin that his constricted airway causes difficulty breathing and sleeping. *Id.* at 9, ¶ 3. Without consulting a doctor both defendants have determined that no medication is needed to address Brown's earaches or swollen tonsil. *Id.* ¶ 5.

**Discussion**

Brown contends that defendants Broadly, Caplin, and Cruz were deliberately indifferent to his serious medical need by failing to provide medication, to arrange for a consultative examination with an ENT, and/or to arrange examination by or consult with a doctor. He alleges that defendants Cook and Richeson were aware of the deficiencies in medical care but did nothing to address them. Brown also contends that defendant Cruz failed to process his health grievances.

**Deliberate Indifference to a Serious Medical Need**

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, Brown must show both that his need was serious, and that the defendants acted with a sufficiently culpable state of mind.

3

*See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

Accordingly, there are both objective and subjective components to a deliberate indifference claim. Objectively, the alleged deprivation must be "sufficiently serious." *Spavone*, 719 F.3d at 138. The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000). Several factors are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "[whether it involves] an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

In addition, the defendants conduct must have been "subjectively reckless" *Spavone*, 719

4

F.3d at 138. They must have been actually aware of a substantial risk that plaintiff would suffer serious harm as a result of their actions or inactions. The defendants "need only be aware of the risk of harm, not intend harm. And awareness may be proven 'from the very fact that the risk was obvious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).

Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See Salahuddin*, 467 F.3d at 279-80. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not constitute deliberate indifference. *Farmer*, 511 U.S. at 838.

Nor does a disagreement over the treatment provided show deliberate indifference. See *Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment …. [T]he essential test is one of medical necessity and not one simply of desirability." (internal quotation marks and citations omitted)).

Brown alleges that he suffers from a swollen throat and tonsil that cause him to experience difficulty swallowing, difficulty sleeping, earaches, and pain. The court has not located any case which has held that a prisoner suffering from a swollen tonsil meets the objective component of the deliberate indifference standard. However, Brown alleges that he was approved for consultation with an ENT, suggesting that his condition is worthy of comment. In addition, Brown alleges that he has suffered pain and earaches for eighteen months and has difficulty swallowing and sleeping. The court will assume, for purposes of initial review only, that he has adequately alleged a serious medical need.

As to the conduct of the defendants, Brown alleges that defendants Cruz, Broadly, and Caplin provided no medication for eighteen months, did not facility the ENT consultation, and did not consult a doctor about his condition. In addition, he alleges that defendant Caplin told him that he would receive no treatment because he was nearing his release date. The court cannot determine whether this conduct is merely negligent or whether it rises to the level of subjective recklessness. Accordingly, the court will permit this claim to proceed for further development of the record.

**Supervisory Liability**

Brown also contends that defendants Cook and Richeson were aware of the inadequate staffing levels but did nothing to address the issue. As Commissioner of Correction and Medical Director, defendants Cook and Richeson are supervisory officials. To state a cognizable claim for supervisor liability, Brown must show that:

> "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring."

*Shaw v. Prindle*, 661 F. App'x 16, 18 (2d Cir. 2016) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). The court considers Brown's allegations to fall under the third category, that they created a policy or custom or permitted the continuance of a policy or custom of inadequate medical staffing.

As a preliminary matter, there are no allegations that these inadequate staffing levels have

6

any bearing on or relation to the lack of treatment by defendants Cruz, Broadly and Caplin. Nor are there allegations that tether the alleged inadequate staffing levels to any injury suffered by Brown. In addition, Brown's allegations are wholly conclusory. He alleges no facts suggesting that he alerted either defendant to his perceived staffing inadequacies or questioned them when he was told he would receive no care. Brown merely states that they failed to adequately staff the medical unit and they deny care to inmates nearing discharge. Conclusory statements are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. The claims against defendants Cook and Richeson are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Grievances**

Finally, Brown contends that defendant Cruz destroyed or failed to act on his many medical grievances. Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance properly processed. *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confused a state-created procedural entitlement with a constitutional right"; "neither state policies nor 'state statutes … create federally protected due process entitlements to specific state-mandated procedures'") (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)).

As Brown has no constitutional right to institutional grievance procedures, Cruz's alleged destruction of his grievances is not the basis of a cognizable claim. This claim against defendant Cruz is dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Brown may assert these facts, however, should the defendants claim that Brown has failed to exhaust his administrative remedies before commencing this action.

**Orders**

The claims against defendants Cook and Richeson and the claim against defendant Cruz for destruction of grievances are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed on the deliberate indifference to serious medical needs claims against defendants Cruz, Broadly, and Caplin in their individual capacities.

The court enters the following additional orders.

(1)     **The Clerk shall** verify the current work address for defendants Cruz, Broadly, and Caplin with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint and this Order to each defendant at the address provided on or before **August 19, 2020**, and report to the court on the status of the waiver request on the thirty-fifth day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in her individual capacity and the defendant shall be required to pay the

(2)     T**he Clerk shall** send Brown a copy of this Order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **February 28, 2021.**  Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed on or before **March 28, 2021.**

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Brown changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Brown must give notice of a new address even if he is incarcerated. Brown should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Brown has more than one pending case, he should indicate all the case numbers in the notification of change of address. Brown should also notify the defendants or the attorney for the defendants of his new address.

(9) Brown shall utilize the Prisoner Efiling Program when filing documents with the court. Brown is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(10) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Ambrose.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of July 2020.

/s/
Kari A. Dooley
United States District Judge