UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENYA BROWN, | : | |
|     Plaintiff, | : | No. 3:20-cv-985 (KAD) |
| | : | |
| v. | : | |
| | : | |
| ROLLIN COOK, et al., | : | |
|     Defendants. | : | |
| | : | |

**RULING ON MOTION FOR RECONSIDERATION**

**Preliminary Statement**

Plaintiff, Kenya Brown ("Brown"), currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against five defendants: Commissioner Rollin Cook, Dr. Robert Richeson, APRN Jean Caplin, APRN Deborha Broadly, and Head Nurse Debra Cruz.  Upon initial review, the Court permitted the claims for deliberate indifference to serious medical needs to proceed against defendants Caplin, Broadly, and Cruz and dismissed all other claims.  Doc. No. 8.  Brown filed a motion for reconsideration of the dismissal of the claims against defendants Cook and Richeson.  For the following reasons, Brown's motion is denied.

**Standard of Review**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

(citations omitted). This District's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1.

**Discussion**

The court dismissed Brown's supervisory liability claims as conclusory. Brown alleged only that defendants Cook and Richeson were aware that staffing levels were inadequate. He alleged no facts suggesting that the staffing levels were related to the alleged lack of treatment by the other defendants or any alleged injuries suffered by Brown. Nor did he allege that he alerted either defendant to his perceived staffing inadequacies or questioned them when he was told he would receive no care. Doc. No. 8 at 7. In seeking reconsideration, Brown identifies no allegations in the Complaint addressing these inadequacies. In support of his motion, Brown states that defendants Cook and Richeson were aware that staffing levels were inadequate. This is the same conclusory statement the court rejected on initial review and his arguments all flow from this conclusory assumption. Reconsideration is therefore not warranted.

Brown has filed an exhibit supporting his motion for reconsideration, Doc. No. 13, and a supplemental motion for reconsideration, Doc. No. 19, in which he presents new exhibits and facts. The purpose of a motion for reconsideration is to identify facts that the court overlooked in making the decision, i.e., facts in the complaint. A motion for reconsideration is not a motion to amend the complaint; it cannot be used to assert new allegations. *Yany's Garden LLC v. City*

*of New York*, No. 18-cv-2813(EK)(RML), 2020 WL 5231983, at *4 (E.D.N.Y. Sept. 2, 2020) (citations omitted).

**Conclusion**

Brown's motions for reconsideration [**Docs. No. 10, 19**] are **DENIED**. Brown may file a motion to amend his complaint to which he must attach the proposed Amended Complaint, if he believes he can set forth an adequate factual basis for the claims against Cook and Richeson.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of October 2020.

/s/
Kari A. Dooley
United States District Judge