UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| KENYA BROWN,      Plaintiff, | : : : : : : : : : | No. 3:20-cv-985 (KAD) |
| v. |  |  |
| ROLLIN COOK, et al.,      Defendants. |  |  |

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CLARIFICATION**

Plaintiff, Kenya Brown ("Brown"), is currently confined at Cheshire Correctional Institution in Cheshire, Connecticut. On November 2, 2020, the court vacated the order granting Brown's motion to proceed *in forma pauperis* and afforded him until December 2, 2020 to tender the filing fee or the case would be dismissed. Doc. No. 29. In response, on November 4, 2020, Brown filed motions for reconsideration and clarification of that decision.

Brown filed his motions two days after the ruling was docketed and placed in the mail. By November 4, 2020 Brown would not have seen the ruling and would have only received, through the prisoner E-filing system, a copy of the docket entry which simply stated that the Court vacated the order granting IFP status to Brown but did not explain the reasons for the decision. Indeed, the motion for clarification or articulation specifically states that it is "unclear why [Brown] has lost his status and based on what matters." ECF 32. As the court's ruling and order clearly states the reason for vacating the IFP order, the motion for clarification is denied.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  This District's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked."  D. Conn. L. Civ. R. 7(c)1.

In support of his motion, Brown asserts, apparently anticipating the reason for the court's decision, that he did not conceal any monies because the deposits to his inmate account were included in the ledger which was submitted with the motion to proceed *in forma pauperis*.[1] While this is correct, Brown does not explain why he specifically, untruthfully, denied receiving those deposits in response to question six on the motion form when he had specifically been warned that he must account for all deposits in response to that question.  Brown swore under penalty of perjury that the statements in the motion were correct when he was aware that the statements were false.

Brown also asserts that he sent money to his family to help them pay rent for their home and church during the pandemic.  As Brown chose to inaccurately complete the form rather than explain the receipt and spend down of those funds in seeking *in forma pauperis* status, this

---

[1] The fact that Brown was able to accurately predict the basis for the court's ruling before receiving it, raises an inference that Brown's decision to falsely complete the form was a calculated gamble. The fact that he asserts in his motion for reconsideration the very circumstances which persuaded Judge Squatrito not to dismiss his prior case as a sanction when he similarly failed to accurately complete question six, further buttresses this inference. What the motion for reconsideration does not account for is this court's review of Judge Squatrito's decision in which Brown was unequivocally warned that future *in forma pauperis* applications must include an honest answer to question six, something Brown has failed to acknowledge or adequately explain.

information was not overlooked by the court in reaching its decision and, thus, not properly considered on a motion for reconsideration.² Accordingly, the request for reconsideration is denied.

For these reasons, the motions for reconsideration [**Doc. No. 30**] and clarification [**Doc. No. 32**] are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of November 2020.

/s/
Kari A. Dooley
United States District Judge

---

² However, even if Brown had included the information, it would not alter the court's decision. As previously observed by the Court, prisoners, like all litigants, must determine how best to allocate limited resources. Brown chose to use his funds to help his family rather than pay the filing fee. While his choice was perhaps a difficult one, it does not entitle him to *in forma pauperis* status in this case. *See Martin v. United States*, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of *in forma pauperis* application where district court found that prisoner had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation").