4
# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| KENYA BROWN, | : | |
|     Plaintiff, | : | No. 3:20-cv-985 (KAD) |
| | : | |
| v. | : | |
| | : | |
| ROLLIN COOK, et al., | : | |
|     Defendants. | : | |
| | : | |

## RULING ON MOTION TO SUPPLEMENT COMPLAINT

Plaintiff, Kenya Brown ("Brown"), currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against five defendants: Commissioner Cook, Dr. Richeson, APRN Caplin, APRN Broadly, and Head Nurse Cruz.  Upon initial review, the Court permitted the claims for deliberate indifference to serious medical needs to proceed against defendants Caplin, Broadly, and Cruz and dismissed all other claims.  Doc. No. 8.  Brown now seeks to file a supplemental complaint to reassert dismissed claims, add a new defendant, and assert claims relating to incidents that occurred after he commenced this action.  For the following reasons, the motion is denied.

**Standard of Review**

Rule 15(d) of the Federal Rules of Civil Procedure governs motions to file a supplemental pleading.  The district court may grant such a motion, in the exercise of its discretion, upon "reasonable notice" and "on just terms."  A motion to supplement pleadings under Rule 15(d) is properly filed when a party seeks to plead a "transaction, occurrence or event that happened after the date of the pleading to be supplemented."  *Id.*  "A trial court has broad

discretion in determining whether to grant a motion to supplement under Rule 15(d)." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009), *aff'd* 379 F. App'x 4 (2d Cir. 2010).

A district court may grant permission to file a supplemental pleading under Rule 15(d), when it determines that "the supplemental facts connect it to the original pleading." *See* ." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). Once that determination is made, the district court should consider the following factors in deciding whether to grant a motion to supplement: "undue delay, bad faith, dilatory tactics, undue prejudice to the opposing party or futility." *Brown v. Department of Corr.*, No. 3:16-cv-376(MPS), 2017 WL 4679232, at *3 (D. Conn. Oct. 18, 2017) (citations omitted).

**Discussion**

The proposed supplemental complaint includes all claims from the original complaint and also adds claims arising out of and related to Brown's medical care following recent surgery.[1] Specifically, Brown seeks to add a retaliation claim against previously unnamed Defendant Dr. Richardo Ruiz[2] and defendants Nurse Broadly and Nurse Cruz. He alleges the following facts in support of this claim. Brown underwent a tonsillectomy on October 5, 2020. Am. Compl., Doc.

---

[1] On initial review, the court dismissed Brown's supervisory liability claims against defendants Cook and Richeson and the claim for destruction of grievances against defendant Cruz. Doc. No. 8 at 7. The proposed supplemental complaint does not include new allegations relating to these claims, which therefore remain dismissed for the reasons stated in the Initial Review Order.

[2] Brown identifies this defendant as Dr. Richardo Ruiz in his motion but lists Dr. Richard Cruz in the caption of the amended complaint. He uses both names in his allegations. The court need not determine the correct name of the proposed defendant as the motion to supplement is denied.

No. 24-1 at 19, § M ¶¶ 1-2.  He describes the results of the surgery as "two severed tonsils and two 3 inch deep holes at the back of his throat (cut through the flesh)."  *Id.* ¶ 23.

On his release from the hospital, Brown received 5mg of Oxycodone.  *Id.* ¶ 9.  Upon his return to the correctional facility that evening, a nurse assessed his condition and contacted the on-call physician who ordered pain medication and ice bags for ten days.  *Id.* ¶¶ 5-8.  The following night, Brown asked the third shift nurse for pain medication.  *Id.* ¶ 11.  She said he would not receive that medication in the facility but would check in a half hour.  *Id.* ¶ 12.  She also refused to give Brown ice.  *Id.*  The nurse never returned with pain medication.  *Id.* ¶ 13.

When Brown asked staff to contact the medical unit for pain medication the next morning, Nurse Cruz said there was no order for pain medication.  *Id.* ¶ 14.  After several unsuccessful requests for medication, Brown was called to the medical unit.  *Id.* ¶ 15.  Dr. Richard Cruz examined the surgical site and Nurse Broadly stated that liquid acetaminophen would suffice for pain.  *Id.* ¶¶ 16-17.  Dr. Ruiz agreed.  *Id.* ¶ 18.  Dr. Ruiz and Nurse Broadly disregarded Brown's claim that he needed stronger medication.  *Id.* ¶ 19.  Nurse Broadly also changed the order for ice to four days.  *Id.* ¶ 38.

Brown alleges that, by October 2020, defendants Ruiz, Cruz, and Broadly knew that he had filed this lawsuit and defendant Broadly had submitted an affidavit in opposition to Brown's motion for temporary restraining order.  Thus, he asserts that their actions were in retaliation for this lawsuit.

The claims in the original complaint focused on the delay in treating Brown's medical issues regarding his tonsils and allegations that he was told he was being refused treatment because he was nearing his release date.  Resolution of the original claim requires a

3

determination of whether his condition rose to the level of a serious medical need requiring immediate treatment and whether the defendants were deliberately indifferent to his needs in this regard. The original complaint described a discreet series of events during a discreet period of time. The proposed new claim is one of retaliation by a previously unnamed defendant, Dr. Ruiz, and defendants Nurse Broadly and Nurse Cruz.  The new claim arises out of a series of events which followed Brown's surgery and include allegations that these defendants intentionally withheld treatment for his pain in retaliation for the current lawsuit.  Thus, although tangentially related—both claims relate to Brown's tonsil issues—the supplemental facts are not "connected to the original pleading." *Quarantino v. Tiffany & Co.,* 71 F. 3d at 66.  Retaliation in violation of the First Amendment to the United States Constitution is an entirely separate cause of action requiring consideration of facts and law wholly unnecessary to the original Eighth amendment deliberate indifference claim. In addition, the proposed supplemental complaint involves a new defendant, Dr. Ruiz, who is not implicated in the Eighth Amendment claim.  Further, the evidence as to each claim do not appear to overlap in the slightest as the events with respect to the First Amendment retaliation claim all occurred after all of the events alleged with respect to the Eighth Amendment deliberate indifference claim.  Under these circumstances, permitting the supplemental complaint is not warranted. *See LaBarbera v. Audax Constr. Corp.*, 971 F. Supp. 2d 273, 285 (E.D.N.Y. 2013) (denying motion to amend or supplement on ground that new claims sought to be added involved issues that were "wholly unrelated" to the resolution of claims included in the complaint) (citations omitted); *Walls v. Fischer*, 615 F. Supp. 2d 75, 76 (W.D.N.Y. 2009) (denying motion to file supplemental complaint because new claims concerned incidents at a different correctional facility, involved different correctional staff members than

4

the defendants named in the complaint and "only tangentially relate[d] to the matters asserted in the [complaint]") (citations omitted). Of course, nothing herein precludes Brown from asserting these claims in a separate lawsuit.

**Conclusion**

Brown's motion to file a supplemental complaint [**Doc. No. 24**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of December 2020.

/s/
Kari A. Dooley
United States District Judge